**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERNESTO SANCHEZ, MAHRUKH AFRIDI, mother of A.S. and A.S., | ) | |
| Plaintiffs, | ) | No. 18 CV 7503 |
| v. | ) | Judge Rebecca R. Pallmeyer |
| VILLAGE OF BOLINGBROOK, JOSEPH PORADYLA, MARY ROSE KENDALL, JOSEPH GRUBEN, and SCOTT LUSTIK, | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the statutes and common law of the State of Illinois.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiffs Ernesto Sanchez and Mahrukh Afridi are, and were at the time of the incidents alleged in this Complaint, residents of Bolingbrook, Illinois.

5. Mahrukh Afridi is the mother of minor children, A.S. and A.S., and brings certain claims alleged in this Complaint on their behalf. Ernesto Sanchez is the father of A.S. and A.S.

6. The officers referred to in this Complaint, including Defendant-Officers Joseph Poradyla, Mary Rose Kendall, Joseph Gruben and Scott Lustik, are duly appointed and sworn Bolingbrook police officers.

7. At all times relevant to this Complaint, the Bolingbrook police officers, including the Defendant-Officers, were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

8. The Defendant-Officers are sued in their individual capacity.

9. Defendant Village of Bolingbrook is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the officers referred to in this Complaint, including the Defendant-Officers.

**Facts**

10. On November 13, 2016, at approximately 6:30 p.m., Plaintiffs and their minor children, A.S. and A.S. were at their home in Bolingbrook, Illinois.

11. Plaintiff Afridi, as a result of an argument she had with Plaintiff Sanchez, called the police to have them assist in escorting Plaintiff Sanchez out of the residence for the evening.

12. Bolingbrook police officers, including some or all of the Defendant-Officers, came to Plaintiffs' home in response to Ms. Afridi's call.

13. When the Defendant-Officers arrived, Mr. Sanchez was seated on the couch in his living room with minor child A.S. in his lap . The other minor child A.S. was also present in the living room area.

14. Defendant Poradyla, without any justification, proceeded to punch, hit and otherwise strike Mr. Sanchez in and around his face.

15. Defendant Poradyla did this while A.S. was still on Mr. Sanchez's lap and while the other minor child A.S. was watching.

16. Mr. Sanchez did not strike, hit, kick or otherwise physically fight or resist Defendant Poradyla.

17. Defendant Kendall was present and observed Defendant Poradyla attacking Mr. Sanchez.

18. Defendant Kendall did nothing to stop, discourage or otherwise intervene in Poradyla's use of force and battery against Mr. Sanchez.

19. Defendant Poradyla attempted to deploy a taser on Mr. Sanchez's face.

20. Defendant Poradyla tasered Mr. Sanchez in the arm when Mr. Sanchez protected his face with his arm.

21. Some or all of the Defendant-Officers handcuffed Mr. Sanchez.

22. Defendants Gruben and Lustik kicked and punched Mr. Sanchez while he was handcuffed on the floor.

23. Defendants Gruben and Lustik kicked and punched Mr. Sanchez while his minor children were present and watching.

24. Defendants Poradyla and Kendall did nothing to stop, discourage or otherwise intervene in Gruben and Lustik's use of force and battery against Mr. Sanchez

25. The Defendant-Officers initially refused to provide medical care for Mr. Sanchez's injuries despite his repeated requests.

26. Eventually officers brought Mr. Sanchez to the emergency room where he received treatment for his injuries.

27. Some or all of the Defendant-Officers arrested Plaintiff.

28. Some or all of the Defendant-Officers charged Plaintiff with felony Aggravated Battery based on false allegations that Mr. Sanchez hit, struck or otherwise committed a battery against them.

29. Some or all of the Defendant-Officers commenced or continued these felony charges against Mr. Sanchez based on false allegations and without probable cause.

30. Some or all of the Defendant-Officers commenced or continued these felony charges against Mr. Sanchez to cover-up and justify their own excessive force and battery of Mr. Sanchez.

31. As a direct and proximate result of the acts of the Defendant-Officers, as described above, Plaintiff Ernesto Sanchez suffered damages, including loss of physical liberty, pain and suffering, and emotional distress.

32. Minor children A.S. and A.S. suffered emotional distress as a result of witnessing the brutality inflicted on their father by some or all of the Defendant-Officers.

**COUNT I**
**42 U.S.C. § 1983 – Excessive Force**

33. Plaintiff Ernesto Sanchez realleges the above paragraphs as if fully set forth herein.

34. Defendant-Officers used force on Plaintiff Ernesto Sanchez, and/or failed to intervene in the use of force, as described in the above paragraphs.

35. The force used by the Defendant-Officers, was unjustified, unreasonable and unnecessary.

36. Defendant-Officers, violated Plaintiff Ernesto Sanchez's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff Ernesto Sanchez asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1983 – Fourth Amendment Claim for Detention without Probable Cause

37. Plaintiff Ernesto Sanchez realleges the above paragraphs as if fully set forth herein.

38. Some or all of the Defendant-Officers commenced or continued charges against Plaintiff Ernesto Sanchez for felony aggravated battery.

39. The felony charges were based on the Defendant-Officers' false allegations.

40. The Defendant-Officers had no probable cause for these felony charges.

41. The charges are currently pending against Plaintiff Ernesto Sanchez.

42. The felony charges caused Plaintiff Ernesto Sanchez to be detained.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**COUNT III**
**Intentional Infliction of Emotional Distress Claim**

43. Plaintiff Mahrukh Afridi, for minor children A.S. and A.S., realleges the above paragraphs as if fully set forth herein.

44. Some or all of the Defendant-Officers committed conduct that was extreme and outrageous in that they physically brutalized Ernesto Sanchez in front of his minor children, A.S and A.S.

45. The Defendant-Officers knew that there was a high probability that this conduct would cause the minor children, A.S. and A.S., emotional distress.

46. The minor children, A.S. and A.S., have suffered severe emotional distress as a result.

WHEREFORE, Plaintiff Mahrukh Afridi asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**COUNT IV**
**Respondeat Superior Claim**

47. Plaintiff realleges the above paragraphs as if fully set forth herein.

48. The acts of the Bolingbrook police officers described in the above paragraphs and state law claims were committed in the scope of their employment with Defendant Village of Bolingbrook.

49. Pursuant to respondeat superior, Defendant Village of Bolingbrook is liable for its agents' actions, including the Bolingbrook police officers' actions.

WHEREFORE, Plaintiff demands judgment against Defendant Village of Bolingbrook and such other and additional relief that this Honorable Court deems just and equitable .

**COUNT V**
**Indemnification Claim pursuant to 745 ILCS 10/9-102**

50. Plaintiff realleges the above paragraphs as if fully set forth herein.

51. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Village of Bolingbrook is liable for any judgments for compensatory damages, attorneys' fees and costs, in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Village of Bolingbrook to indemnify the Defendant-Officers for any judgment for compensatory damages, attorneys' fees and costs in this case arising from the officers' actions.

52. Jury trial demanded.

Respectfully submitted,

/s/ Amanda S. Yarusso
*Attorney for Plaintiffs*

Amanda S. Yarusso
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(773) 510-6198
amanda.yarusso@gmail.com

Andrew M. Stroth
ACTION INJURY LAW GROUP, LLC
191 N. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Carlton Odim
ODIM LAW OFFICES
225 W. Washington Street
Suite 2200
Chicago, Illinois 60606
(312) 578-9390
carlton@odimlawoffices.com